IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ted Evan Doughty, ) | |
| ) | Cr. No. 3:05-0944 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Ted Evan Doughty is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at USP-Coleman II in Sumterville, Florida. This matter is before the court on Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as amended.

FACTS AND PROCEDURAL HISTORY

On March 28, 2006, Movant pleaded guilty to conspiracy to escape and assist in the escape of federal detainees from a designated detention facility, in violation of 18 U.S.C. § 371. A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that Movant has two prior convictions in 2002 and 2003 in the North Carolina Superior Court, Charlotte, North Carolina, for breaking and entering. ECF No. 138, ¶¶ 24, 28. The PSR also noted that Movant has prior convictions for bank robbery. Id. ¶ 29. Movant's criminal history score was 6. Two points were added pursuant to U.S.S.G. § 4A1.1(d) because Movant was in federal custody awaiting sentencing when the offense was committed. One additional point was added pursuant to U.S.S.G. § 4A1.1(e) because Movant committed the offense less than two years after his release from custody for a sentence received on July 17, 2003. Movant's criminal history category was IV. However, Movant was designated as a career offender based on his convictions for

breaking and entering and bank robbery. Movant's criminal history category became VI.

The PSR provided for a base offense level of 13. Movant's offense level was increased two levels because property of a financial institution was taken. Because Movant was designated as a career offender, his offense level under U.S.S.G. § 4B1.1 became 17. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 14. On August 28, 2006, Movant was sentenced under the U.S. Sentencing Guidelines to 46 months imprisonment, to run consecutively to sentences imposed in Cr. No. 0:04-1033 and Cr. No. 0:05-0393. Judgment was entered August 31, 2006. The Court of Appeals for the Fourth Circuit affirmed the convictions and sentences. See United States v. Pilson, 228 F. App'x 273 (4th Cir. 2007).

Movant filed a § 2255 motion on March 9, 2012. Respondent moved to dismiss the § 2255 motion as untimely, which motion was granted by order filed January 16, 2015. Upon authorization from the Court of Appeals for the Fourth Circuit, Movant, proceeding pro se, filed a successive § 2255 motion on June 24, 2016. Movant seeks the benefit of Johnson v. United States,133 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. A supplemental § 2255 motion was filed by counsel on Movant's behalf on July 1, 2016. Counsel argued that Johnson applies with equal force to the United States Sentencing Guidelines under which Movant was sentenced and that his prior convictions for breaking and entering do not qualify as predicate offenses under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

On December 2, 2016, upon motion of Respondent, the court stayed the matter pending disposition of Beckles v. United States, 137 S. Ct. 886 (2017), a case wherein a defendant challenged his Sentencing Guidelines sentence under Johnson. The Court decided Beckles on March 6, 2017.

Respondent filed a motion to dismiss Movant's § 2255 motion on July 5, 2017. Movant filed a response on July 7, 2017. The matter now is ripe for adjudication.

## DISCUSSION

In <u>Johnson</u> the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In <u>Johnson</u>, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

3

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a)(2), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

In its supplemental memorandum in support of its motion to dismiss, Respondent argues that because Johnson does not invalidate the advisory Guidelines, Movant's § 2255 motion (1) is untimely, (2) fails to state a claim for relief, (3) barred because Movant did not raise on appeal the issue of whether breaking and entering under North Carolina law constitutes a crime of violence; and (4) the Fourth Circuit has found that the North Carolina crime of breaking and entering qualifies as a generic burglary, see United States v. Mungro, 754 F.3d 267 (4th Cir. 2014) (finding the North Carolina offense of breaking and entering to constitute generic burglary under the ACCA). Movant, through counsel, concedes this matter and, for the record, contends Beckles was wrongly decided. The court is constrained to conclude that Movant's § 2255 claim under Johnson is without merit.

## CONCLUSION

For the reasons stated, Movant's § 2255 motion, as supplemented (ECF Nos. 214, 218, 219) is **denied and dismissed** as untimely and without merit under Johnson. Respondent's motion to dismiss (ECF No. 239) is **granted**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

4

constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 13, 2017